No. 25-5556

# In the United States Court of Appeals for the Sixth Circuit

_____

UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE

*v.*

JEREMY WAYNE HARRELL, DEFENDANT-APPELLANT

_____

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY (CRIM. NO. 23-016)
(THE HONORABLE GREGORY F. VAN TATENHOVE, J.)*

_____

**BRIEF OF DEFENDANT-APPELLANT JEREMY HARRELL**

_____

ABIGAIL FRISCH VICE
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
*2001 K Street, N.W.
Washington, DC 20006
(202) 223-7300*

# TABLE OF CONTENTS

Page

Statement of jurisdiction.........................................................................1

Statement of the issues ..........................................................................1

Statement of the case ............................................................................2

    A.    Factual background ..........................................................4

    B.    Procedural history ...........................................................6

Summary of argument .........................................................................13

Argument.................................................................................................16

I.    Forfeiture must be stricken from the judgment because the district court lacked authority to impose it after sentencing ..............................16

    A.    Courts may amend a judgment only when authorized by rule or statute .......................................................................16

    B.    Rule 32.2(b)(4) authorizes courts to impose forfeiture no later than during sentencing.............................................18

    C.    No rule or statute authorized the district court to amend the judgment to add forfeiture in the circumstances here .................23

II.    Forfeiture must be stricken from the judgment because the district court did not impose forfeiture when sentencing Mr. Harrell...............27

    A.    The Fifth Amendment and Rule 43(a) require courts to sentence defendants orally, in their physical presence ...............27

    B.    The written judgment conflicts with the oral sentence and cannot be upheld to the extent that it imposes forfeiture ...........30

Conclusion.................................................................................................33

# TABLE OF AUTHORITIES

## CASES

Page

*Dillon* v. *United States*, 560 U.S. 817 (2010) ......................................................17

*Dolan* v. *United States*, 560 U.S. 605 (2010)................................................17, 22

*Elhady* v. *Unidentified CBP Agents*, 18 F.4th 880 (6th Cir. 2021) ................22

*Gibson* v. *Forest Hills Local School District Board of Education*,
    655 Fed. Appx. 423 (6th Cir. 2016)......................................................21

*McIntosh* v. *United States*, 601 U.S. 330 (2024)......................................*passim*

*RLR Investments, LLC* v. *City of Pigeon Forge*,
    4 F.4th 380 (6th Cir. 2021) .........................................................20, 23

*Snyder* v. *Massachusetts*, 291 U.S. 97 (1934) ..........................................27

*United States* v. *Behrens*, 375 U.S. 162 (1963) .......................................28

*United States* v. *Bennett*, 423 F.3d 271 (3d Cir. 2005).............................26

*United States* v. *Booker*, 994 F.3d 591 (6th Cir. 2021)........................27, 31

*United States* v. *Bowen*, 938 F.3d 790 (6th Cir. 2019) ............................33

*United States* v. *Carpenter*, 702 F.3d 882 (6th Cir. 2012) ......................27

*United States* v. *Curry*, 606 F.3d 323 (6th Cir. 2010) ............................17

*United States* v. *Daddino*, 5 F.3d 262 (7th Cir. 1993) ...........................25

*United States* v. *DeMartino*, 112 F.3d 75 (2d Cir. 1997)........................25

*United States* v. *Diggles*, 957 F.3d 551 (5th Cir. 2020).......................27, 29

*United States* v. *Ferrario-Pozzi*, 368 F.3d 5 (1st Cir. 2004).................. 30-31

*United States* v. *Garcia-Robles*, 640 F.3d 159 (6th Cir. 2011)..............28, 32

Page

Cases—continued:

*United States* v. *Geddes*, 71 F.4th 1206 (10th Cir. 2023) ....................................29

*United States* v. *Hayden*, 102 F.4th 368 (6th Cir. 2024) ...................................28

*United States* v. *Husein*, 478 F.3d 318 (6th Cir. 2007)................................ 16-17

*United States* v. *Lee*, 77 F.4th 565 (7th Cir. 2023) ........................................20, 23

*United States* v. *Maddux*, 37 F.4th 1170 (6th Cir. 2022) .........................*passim*

*United States* v. *Penson*, 526 F.3d 331 (6th Cir. 2008)...............25-26, 28, 29, 33

*United States* v. *Petix*, 767 Fed. Appx. 119 (2d Cir. 2019).................... 29-30, 33

*United States* v. *Portillo*, 363 F.3d 1161 (11th Cir. 2004) .................................25

*United States* v. *Robinson*, 368 F.3d 653 (6th Cir. 2004) ......................25, 26, 29

*United States* v. *Rosado*, 109 F.4th 120 (2d Cir. 2024).........................29, 30, 32

*United States* v. *Ross*, 245 F.3d 577 (6th Cir. 2001)...........................................17

*United States* v. *Ruvalcava-Garza*, 750 Fed. Appx. 353 (5th Cir. 2018).........25

*United States* v. *Shaw*, 139 F.4th 548 (6th Cir. 2025)..................................28, 33

*United States* v. *Skaggs*, 78 F.4th 990 (7th Cir. 2023) .......................................17

*United States* v. *Williams*, 641 F.3d 758 (6th Cir. 2011)..............................16, 32

## CONSTITUTION, STATUTES, AND RULES

U.S. Const. Amend. V..............................................................................*passim*

18 U.S.C. § 641 ......................................................................................................6

18 U.S.C. § 3231 ....................................................................................................1

18 U.S.C. § 3553(a)(3) ........................................................................................31

18 U.S.C. § 3582(b)..............................................................................................17

Page

Statutes and rules—continued:

18 U.S.C. § 3742 ...........................................................................1

18 U.S.C. § 3742(b) ....................................................................10

28 U.S.C. § 1291 ...........................................................................1

28 U.S.C. § 2461(c) ....................................................................17

Fed. R. Crim. P. 32.2 .............................................11, 18, 19, 24

Fed. R. Crim. P. 32.2(b) ......................................................18, 19

Fed. R. Crim. P. 32.2(b)(2)(A) ...................................................18

Fed. R. Crim. P. 32.2(b)(2)(B) ....................14, 18, 19, 20, 21

Fed. R. Crim. P. 32.2(b)(2)(C) ...........................8, 18, 24

Fed. R. Crim. P. 32.2(b)(4) ................................11, 18, 23

Fed. R. Crim. P. 32.2(b)(4)(A) ...................................................19

Fed. R. Crim. P. 32.2(b)(4)(B) ..........................................*passim*

Fed. R. Crim. P. 32.2(b)(4)(C) .............................10, 12, 21

Fed. R. Crim. P. 35 ............................................................*passim*

Fed. R. Crim. P. 35(a) ................................................................25

Fed. R. Crim. P. 35(c) ................................................................25

Fed. R. Crim. P. 36 ............................................................*passim*

Fed. R. Crim. P. 43 .....................................................................28

Fed. R. Crim. P. 43(a) .......................................................*passim*

Fed. R. Crim. P. 51(b) ................................................................27

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully submits that, given the complexity of the issues presented, involving the authority of federal courts for purposes of criminal sentencing from the perspective of multiple, overlapping legal principles—including the Constitution, federal statutes, and the Federal Rules of Criminal Procedure—oral argument would be helpful to the disposition of this appeal.

## STATEMENT OF JURISDICTION

The district court had federal criminal jurisdiction under 18 U.S.C. § 3231. The district court entered judgment on December 17, 2024. Judgment, R. 68. The court entered an order of forfeiture on February 10, 2025. Order of Forfeiture, R. 93. The court amended the judgment to include that order of forfeiture on June 10, 2025. Amended Judgment, R. 120. Mr. Harrell timely filed a notice of appeal, on June 10, 2025, which incorporated the forfeiture order. Notice of Appeal, R. 121. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUES

Whether the amended judgment properly imposed forfeiture, nearly six months after the sentencing hearing during which no forfeiture was imposed, given that:

1.　Amending a final judgment requires specific authorization, and the Federal Rules of Criminal Procedure do not authorize forfeiture to be imposed after the sentencing hearing, or authorize corrections for more than "clear" or "clerical" errors; and

2.　A written judgment imposing forfeiture conflicts with an oral sentence not imposing forfeiture and, under the Federal Rules of Criminal Procedure and the Due Process Clause, the oral sentence must control.

(1)

## STATEMENT OF THE CASE

This case is about Jeremy Harrell, a Kentucky man in his mid-40s, and veterans' benefits.  Mr. Harrell served in the Army and Army Reserve for nearly a decade, which included a tour of duty in the Middle East in the early 2000s.  He saw combat, including an incident that left him with a cranial injury, and was awarded a half dozen medals.  When he left the Army, he was honorably discharged and returned to civilian life.  The transition was difficult, as for many veterans.  In 2010, he was diagnosed with PTSD and became eligible for "individual unemployability" benefits, adding to his baseline disability benefits based on his service-related inability to maintain gainful employment.

Also following his PTSD diagnosis, Mr. Harrell began counseling and treatment, which led him eventually to veteran-focused peer support programs.  The camaraderie and mutual support helped Mr. Harrell substantially, inspiring him to do more for and with his fellow veterans.  That culminated in his founding "Veterans Club" in 2019.  The organization remains active today, providing programming for veterans that promotes connection, healing, and community integration.

In late 2021, however, a criminal investigator at the Department of Veteran Affairs received a hotline tip regarding Mr. Harrell.  The investigator gathered evidence and came to suspect that Mr. Harrell was capable of gainful employment and no longer eligible for unemployability benefits.  As a result,

the VA summoned Mr. Harrell for a benefits evaluation in September 2022, during which Mr. Harrell described his abilities as limited. The investigator found those statements inconsistent with the evidence indicating that Mr. Harrell was capable of work—specifically, that demonstrating his involvement with the Veterans Club. In October 2023, on a theory that Mr. Harrell lied about his abilities to continue collecting higher benefits, the government charged him with theft of government funds.

A jury convicted Mr. Harrell in August 2024. In December 2024, the district court held a hearing and imposed a criminal sentence with custodial and financial elements. As for custody, the court sentenced him to six months of imprisonment, six months of home confinement, and another six months of supervised release. Financially, the court sentenced him to pay restitution—a sum corresponding to the victim's loss. The government had also requested forfeiture—a sum corresponding to the defendant's wrongful gain—and at the sentencing hearing, the court deferred any decision on forfeiture. One month later, the court decided to impose forfeiture, leading to a series of motions, orders, and amended judgments—which ends in the second amended judgment now on appeal before this Court.

That judgment cannot stand for two mutually reinforcing reasons. *First*, the judgment was improperly amended and, relatedly, forfeiture was improperly imposed. Amending a final judgment must be authorized by rule

or statute.  No such authority exists here:  Rule 32.2(b)(4)(B) requires forfei-
ture to be imposed no later than the sentencing hearing and then included in
the written judgment.  Rule 35 permits correction of "clear" errors in a sen-
tence, but only within 14 days of the sentencing hearing.  And Rule 36 permits
correction of only non-substantive, "clerical" errors in a judgment.

*Second*, defendants are entitled to physically be present at sentencing,
under the Due Process Clause and criminal Rule 43(a).  As a result, the court's
oral pronouncement is the "sentence"; the written judgment is evidence of that
sentence.  Here, the oral sentence and written judgment conflict because the
former involved no decision to impose forfeiture and the latter imposed forfei-
ture.  Sustaining a criminal forfeiture that the district court failed to orally
pronounce would risk violating the Due Process Clause and Rule 43(a).  For
that reason, courts agree that, in such a conflict, the oral sentence controls and
the written judgment must be amended to conform to it.

Based on those errors, the Court should vacate the amended judgment
and remand to the district court for entry of an amended order that excises
the forfeiture provision.

### A.    Factual Background

Appellant Jeremy Harrell is a decorated military veteran.  Presentence
Report, R. 76 at Page ID # 1070.  For nine years, he served in the United
States Army and Army Reserve, including in Iraq and Kuwait during the early

years of the Iraq War. *Id.* Like many veterans, Mr. Harrell developed post-traumatic stress disorder and major depressive disorder from his combat exposure. *Id.* at Page ID # 1069. Since separating from the Army in 2009, he has been in and out of treatment for those conditions. *Id.*

Mr. Harrell began receiving "Individual Unemployability" benefits from the Department of Veterans Affairs in late 2010. Trial Transcript, R. 86 at Page ID # 1911-1912. A veteran who is disabled may qualify for these additional unemployability benefits if he cannot "maintain substantial gainful employment because of his service-connected disabilities." Presentence Report, R. 76 at Page ID # 1063. On his application, Mr. Harrell acknowledged that he was obligated to update the VA if he returned to work. *Id.* At that time, the VA annually would send a form to all unemployability benefits recipients, asking recipients to update the VA if they had begun working. Trial Transcript, R. 86 at Page ID # 1914.

In January 2019, Mr. Harrell formed a nonprofit organization called Veterans Club, which is "dedicated to helping veterans through connection, healing, recovery, housing assistance, and vocational training." Presentence Report, R. 76 at Page ID # 1064. Mr. Harrell routinely volunteered more than 40 hours a week with Veterans Club; he was not paid for his time. *Id.*

In the organization's first month, the VA sent a letter to benefits recipients informing them that the VA would no longer send an annual employment

5

questionnaire.  Trial Transcript, R. 86 at Page ID ## 1915-1916.  Instead, the onus would be on the veteran to "notify the VA immediately if there is a change in any condition affecting [his] right to continued" unemployability benefits. *Id.* at 1915; Sentencing Transcript, R. 88 at Page ID ## 2341-2343 (indicating that the jury found that Mr. Harrell received the letter).

Mr. Harrell did not report his work with Veterans Club as such a change. In September 2022, Mr. Harrell underwent a VA Compensation & Pension Evaluation, during which he acknowledged involvement with Veterans Club. In particular, he reported that he did "some things with the Veteran's Club," like "support groups" and "coffee."  Trial Transcript, R. 87 at Page ID # 2078. When asked how frequently he participated in veterans' organization activities, he responded that it was "not a regular thing, just occasionally."  *Id.*

### B.    Procedural History

In October 2023, Mr. Harrell was indicted on one count of theft of government funds, in violation of 18 U.S.C. § 641.  Indictment, R. 1 at Page ID # 13.  The government alleged that Mr. Harrell's activity with the Veterans Club demonstrated his capacity to maintain substantial gainful employment.  Further, the government claimed, Mr. Harrell had lied to the VA about his capacity to work in order to continue receiving unemployability benefits, *id.* at Page

ID # 12, in addition to his other disability benefits from the VA, Trial Transcript, R. 86 at Page ID # 1963. Following a jury trial, Mr. Harrell was convicted. Verdict Form, R. 49 at Page ID # 203.

Ahead of sentencing, the probation office recommended that the court impose no term of imprisonment, and impose instead a five-year term of probation. Sentencing Recommendation, R. 75 at Page ID ## 1053-1054. The probation office justified that recommendation based on Mr. Harrell's lack of criminal history, his military service, his community involvement, and his ongoing health problems. *Id.* at Page ID # 1053.

Also before sentencing, the government filed a motion seeking a preliminary order of forfeiture—specifically, a money judgment against Mr. Harrell of $108,454.88. Motion for Forfeiture of Property, R. 55 at Page ID # 212. The indictment had included a notice of criminal forfeiture, without specifying an amount. Indictment, R. 1 at Page ID # 14. In its motion, the government calculated the proposed forfeiture amount by subtracting, from the total benefits Mr. Harrell had received, the amount he had been entitled to receive— from the time he allegedly began working (and thus was no longer eligible for benefits), up through the date of the indictment. *Id.* at Page ID ## 212-213. Mr. Harrell did not file objections to the motion before the sentencing hearing; nor did the district court rule on it by way of a preliminary order or otherwise.

7

*See* Fed. R. Crim. P. 32.2(b)(2)(C) (authorizing general orders, in lieu of preliminary ones, pending forfeiture determinations).

On December 9, 2024, the district court held a sentencing hearing. At the hearing, for purposes of determining the recommended range for a term of imprisonment, the court calculated a loss amount of $207,249.26. Sentencing Transcript, R. 88 at Page ID ## 2339-54. That value encompassed two types of benefits: (1) the unemployability benefits that Mr. Harrell received and was not entitled to—between January 2019, when he formed Veterans Club, and August 2024, when he was convicted; and (2) the education benefits Mr. Harrell's wife and daughter received, due only to his receiving unemployability benefits, which therefore they had not been entitled to. *Id.* at Page ID ## 2339-2354; R. 76, Presentence Report, at Page ID # 1065. Based on the loss amount, the court sentenced Mr. Harrell to six months of imprisonment and one year of supervised release, six months to be served under home confinement. Sentencing Transcript, R. 88 at Page ID ## 2399-2400. The court also informed Mr. Harrell that it would "impose restitution" as part of his sentence. *Id.* at Page ID # 2399. The court deferred making a final determination as to the restitution amount "out of an abundance of caution" to give counsel further time to brief whether restitution should be equal to the loss amount. *Id.* at Page ID # 2398-2399.

The district court then asked the government if it had objections to the sentence.  R. 88 at Page ID # 2402.  Counsel for the government responded, "I don't believe I heard the Court announce the forfeiture money judgment." *Id.*  The court asked, "So there has been no preliminary order of forfeiture in this case?  That's probably not the case, right?"  *Id.*  The government confirmed there had been no preliminary order of forfeiture.  The court asked whether there was any objection concerning forfeiture.  Defense counsel confirmed that Mr. Harrell objected, and had expected to discuss the objections at the hearing.  The court responded, "Well, let's—that motion's, I guess, pending in front of me," but "[g]iven the late hour, I'm not sure we'll address [forfeiture] today."  *Id.* at Page ID # 2403.  The government argued that the time to object had elapsed, but the court demurred, stating that it would allow Mr. Harrell to file a "supplement" on the record following the proceedings.  *Id.* at Page ID # 2402-2403.

The next day, Mr. Harrell filed a response opposing the forfeiture motion.  R. 62 at Page ID # 1019.  He argued that forfeiture was "duplicative and unnecessary" because the VA was already withholding a lump sum each month from his VA benefits to ensure that the VA would be repaid.  *Id.* at 1020.

On December 17, 2024, the district court entered a judgment reflecting Mr. Harrell's custodial sentence and noting restitution in an amount to be determined.  Judgment, R. 68 at Page ID ## 1031, 1035.  The judgment was

silent as to forfeiture, containing nothing in the field for documenting whether the sentencing court had ordered "[t]he defendant [to] forfeit the defendant's interest in the [identified] property to the United States." *See id.* at Page ID # 1036. On December 23, Mr. Harrell timely filed a notice of appeal as to that judgment. Notice of Appeal, R. 71 at Page ID # 1044. The government did not cross-appeal Mr. Harrell's sentence to challenge the judgment's omission of forfeiture. *See* 18 U.S.C. § 3742(b); Fed. R. Crim. P. 32.2(b)(4)(C).

On January 8, 2025—30 days after the sentencing hearing, 22 days after entry of the original judgment, and 16 days after the notice of appeal—the district court addressed forfeiture, in an order granting the government's motion to amend the judgment, "to reflect that a forfeiture determination was deferred at sentencing." R. 79 at Page ID # 1094. No amended judgment was entered in accordance with the instructions of that order.

On January 27, the district court finalized the amount of restitution, issuing an order that stated Mr. Harrell would be required to pay restitution in the amount of $207,249.26 (the same loss amount that previously had factored into the court's calculation of the range for a recommended term of imprisonment). R. 89 at Page ID # 2420. The court issued an amended judgment the next day, reflecting $207,249.26 in restitution. R. 90 at Page ID # 2426.

On February 10, 2025, the district court again addressed forfeiture, entering an order that granted the government's pre-sentencing motion for an

order of forfeiture.  R. 93 at Page ID # 2435.  The court reasoned that forfeiture is based on the offender's gain, not the victim's loss, and thus was not duplicative.  *Id.* at Page ID # 2434.  Accordingly, the court ordered Mr. Harrell to forfeit $108,454.88, corresponding to the amount of veterans' benefits he had wrongfully received (as opposed to the sum the VA had lost).  *Id.*  The court ordered that the forfeiture "be made a part of [Mr. Harrell's] sentence and included in the judgment."  Order of Forfeiture, R. 93 at Page ID # 2435.  In doing so, the court adopted the government's argument that the Federal Rules of Criminal Procedure authorized the order of forfeiture.  *See id.* at Page ID # 2435 (invoking Rule 32.2(b)(4)); *see also* R. 92 at Page ID # 2431 (citing Rule 32.2(b)(4)(B), Rule 35, and Rule 36).  No amended judgment followed.

On March 13, the government moved for a second amended judgment to reflect the forfeiture order.  Motion to Amend Amended Judgment, R. 107 at Page ID # 2472.  The government argued that it was "essential" for the judgment to reflect the forfeiture order "for the United States" to enforce it, invoking Rules 32.2(b)(4)(B) and 36.  *Id.*  Mr. Harrell opposed, arguing that the district court lacked jurisdiction while the original judgment remained on appeal before this Court.  Response in Opposition, R. 108 at Page ID ## 2475-76.  Mr. Harrell further argued that, under the circumstances, no statute or federal rule—and specifically not Rules 32.2, 35, or 36—authorized the district court to modify Mr. Harrell's sentence.  *Id.* at Page ID # 2477.

11

On April 23, 2025, this Court affirmed the original judgment, concluding that sufficient evidence supported the verdict and that the district court had correctly calculated the loss amount of $207,249.26 that formed the basis of Mr. Harrell's custodial sentence. *See* No. 24-6148, Order, R. 39. This Court declined to consider Mr. Harrell's challenges to restitution and forfeiture, reasoning that restitution and forfeiture were not a part of the original judgment appealed. *Id.* at 3-4.

After this Court's mandate issued, the district court entered an order granting the government's motion for a second amended judgment. R. 115 at Page ID # 2507. The district court determined that it was authorized to do because Rules 32.2(b)(4)(B) and 36 authorized correction of a clerical error. *Id.* at Page ID # 2506. Further, the district court overruled Mr. Harrell's objection as "moot," explaining that it regained adjudicative authority after the mandate issued. *Id.* at Page ID ## 2506-2507. Subsequently, the district court issued a second amended judgment that included forfeiture in the amount of $108,454.88. Amended Judgment, R. 120 at Page ID # 2535.

Consistent with Federal Rule 32.2(b)(4)(C), Mr. Harrell timely appealed the second amended judgment, cross-referencing the order of forfeiture. Notice of Appeal, R. 121 at Page ID # 2537. That second amended judgment is now before this Court.

## SUMMARY OF ARGUMENT

The criminal forfeiture provision in the amended judgment was unlawfully imposed and cannot stand. In amending the judgment, to facilitate the enforcement of a criminal forfeiture that was first ordered one month after sentencing, the district court committed two related errors.

*First*, the district court sought to alter Mr. Harrell's final sentence, long after it was imposed, when no rule or statute authorized doing so. Amendment of a final judgment is lawful only when authorized by statute or rule, and no such authority permits amendment under the circumstances here. Indeed, the criminal forfeiture here was imposed in violation of Federal Rule of Criminal Procedure 32.3(b)(4)(B), which provides an independent reason that the criminal-forfeiture provision cannot be sustained.

*Second*, Mr. Harrell was entitled under the Fifth Amendment and the Federal Rules of Criminal Procedure to be sentenced orally to any criminal forfeiture. His oral sentence, however, imposed no forfeiture. Accordingly, the written judgment's forfeiture provision conflicts with, and must be excised to conform to, his oral sentence.

I.    The district court lacked authority to issue the amended judgment to reflect forfeiture because Mr. Harrell's sentence was a final judgment that cannot be disturbed absent specific authorization by a statute or rule, and no such authority permitted amendment under the circumstances here.

13

It is well established that courts do not have free-ranging authority to alter a defendant's criminal sentence after it is imposed; a rule or statute must specifically authorize amending the final judgment. Authorization is likewise required for an amendment that concerns criminal forfeiture.

A court's ability to impose criminal forfeiture is also governed by Federal Rule of Criminal Procedure 32.2(b)(4)(B), which instructs courts to impose criminal forfeiture no later than the sentencing hearing. That criminal forfeiture was imposed in violation of Rule 32.2(b)(4)(B) independently warrants a remedy here because, as this Court held in *United States* v. *Maddux*, 37 F.4th 1170 (2022), Rule 32.2(b)(4)(B)'s timing requirement is a mandatory claim-processing rule. The Supreme Court held, in *McIntosh* v. *United States*, 601 U.S. 330 (2024), that a different subsection, Rule 32.2(b)(2)(B), imposes a more flexible time-related directive. But *Maddux* remains good law as to Rule 32.2(b)(4)(B).

At minimum, no rule authorized the amended judgment here. In particular, as explained, Rule 32.2(b)(4)(B) does not authorize a post-judgment imposition of forfeiture. Rule 35 does not authorize the amendment either, as it permits correction of only "clear" errors, and only within 14 days of sentencing. And last, Rule 36 did not authorize the amendment because, under this Court's precedents, the district court's intentional omission of forfeiture during the sentencing hearing does not qualify as a "clerical error" for purposes

14

of Rule 36. The district court thus acted lacked authority to enter the amended judgment here, an error that requires vacating the amended judgment to the extent that it reflects forfeiture.

II.    The amended judgment is also invalid because it imposes forfeiture by a means other than an oral sentence in Mr. Harrell's physical presence.

Federal criminal defendants have a right, under the Fifth Amendment's Due Process Clause and Federal Rule of Criminal Procedure 43(a), to be present when their sentence is announced. When the written judgment conflicts with the oral sentence, therefore, the oral sentence controls and the written judgment must be modified to conform to it.

Here, the district court amended the written judgment of sentence to include forfeiture, which created a conflict with Mr. Harrell's oral sentence that did not impose forfeiture. That deprived Mr. Harrell of the opportunity to have his sentence imposed as a package and to know what punishments he faced so that he could object and seek clarification. That error also independently justifies vacating and remanding, for the district court to enter a written judgment that conforms to his oral sentence, excising criminal forfeiture.

## ARGUMENT

### I.    FORFEITURE MUST BE STRICKEN FROM THE JUDGMENT BECAUSE THE DISTRICT COURT LACKED AUTHORITY TO IMPOSE IT AFTER SENTENCING

This Court reviews de novo a district court's interpretation of and compliance with the Federal Rules of Criminal Procedure. *United States* v. *Williams*, 641 F.3d 758, 763 (2011).

In this case, the district court entered the second amended judgment imposing forfeiture nearly six months after sentencing. That was error. At the outset, a judgment cannot be amended after the sentencing hearing, unless authorized by rule or statute. As relevant here, the federal criminal rules require any forfeiture to be imposed before or during the sentencing hearing. Further, the rules permit sentence and judgment corrections only for "clear" and "clerical" errors, respectively. By imposing forfeiture in the amended judgment, the district court was untimely under the forfeiture rule, and did more than correct a "clear" or "clerical" error under the other rules. Therefore, the district court lacked authority to enter the amended judgment to include forfeiture, and the judgment therefore should be vacated to the extent that it includes forfeiture.

### A.    Courts May Amend A Judgment Only When Authorized By Rule Or Statute

As this Court has explained, "[t]he finality of judgments is a key element of the American system of justice." *United States* v. *Husein*, 478 F.3d 318, 338

(2007).  In accordance with that principle, 18 U.S.C. § 3582(b) provides that a "judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment"—which, the Supreme Court has explained, a district court cannot modify "except in limited circumstances."  *Dillon* v. *United States*, 560 U.S. 817, 824 (2010); *see also Dolan* v. *United States*, 560 U.S. 605, 622 (2010) (Roberts, C.J., dissenting) ("Once a sentence has been imposed . . . it is final, and the trial judge's authority to modify it is narrowly circumscribed."); *United States* v. *Curry*, 606 F.3d 323, 326 (6th Cir. 2010).  This Court has rejected the notion that a district court possesses "inherent power" to modify a sentence, specifically in the context of modifying a term of imprisonment after sentencing.  *See United States* v. *Ross*, 245 F.3d 577, 586 (2001).

Under this Court's precedents, the general rule of finality applies no less strictly to the specific component of a sentence concerning forfeiture; after all, forfeiture is a "part of the defendant's sentence in [a] criminal case."  *See United States* v. *Maddux*, 37 F.4th 1170, 1174 (2022) (quoting 28 U.S.C. § 2461(c)) (brackets omitted); *see also United States* v. *Skaggs*, 78 F.4th 990, 993 (7th Cir. 2023) ("District courts generally lack the authority to alter a final criminal judgment after sentencing . . . .  This limit applies to the entire judgment, including any forfeiture provision.").

Against that backdrop, the judgment could validly have been amended only in accordance with the Federal Rules of Criminal Procedure.

### B.    Rule 32.2(b)(4) Authorizes Courts To Impose Forfeiture No Later Than During Sentencing

A court may properly impose forfeiture only before or during the sentencing hearing under Rule 32.2(b).  This Court held in *Maddux* that an order of forfeiture cannot be upheld in the context of any violation of Rule 32.2(b).  *See* 37 F.4th at 1180-1181.  The Supreme Court has since clarified, in *McIntosh* v. *United States*, 601 U.S. 330 (2024), that Rule 32.2(b)(2)(B)—the subsection that governs only orders of forfeiture *before* sentencing—is a non-mandatory, time-related directive, *id.* 338-342, such that its violation does not invalidate the forfeiture order.  But *Maddux*'s holding remains good law as to Rule 32.2(b)(4)(B), which mandates that forfeiture be ordered no later than during sentencing and included in the written judgment.

1.    Federal Rule of Criminal Procedure 32.2 provides courts with detailed instructions on how properly to impose criminal forfeiture.  In particular, Rule 32.2(b) sets forth "rigid procedure[s]" directing courts to inform defendants that forfeiture will be imposed no later than the time of sentencing.  *See Maddux*, 37 F.4th at 1175.  Under Rule 32.2(b)(2), for instance, before sentencing the district court is supposed to enter a preliminary order of criminal forfeiture or—if it cannot yet specify the property or amount of money to be forfeited—it is supposed to enter a general order of forfeiture, to be amended when the forfeiture is specified.  Fed. R. Crim. P. 32.2(b)(2)(A), (C).

At sentencing, a preliminary forfeiture order "becomes final." Fed. R. Crim. P. 32.2(b)(4)(A). Moreover, the district court must "include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." Fed. R. Crim P. 32.2(b)(4)(B). Finally, the court "must . . . include the forfeiture order, directly or by reference in the judgment." Fed. R. Crim. P. 32.2(b)(4)(B).

2.      The implications of violating a provision of Rule 32.2(b) depend on whether the violated provision sets forth a mandatory claims-processing rule or a time-related directive. Violating a mandatory claims-processing rule, whose protections are invoked, is presumed prejudicial; a court lacks authority under the rule to take the action out of time. *See McIntosh*, 601 U.S. at 337-338. A time-related directive, in contrast, authorizes untimely action, subject to harmless error review on appeal. *See id.*

a.      In *Maddux*, this Court concluded that all of Rule 32.2's provisions are "inflexible and unalterable" mandatory-claims processing rules. 37 F.4th at 1176 (internal quotation marks and citations omitted). In *McIntosh*, the Supreme Court abrogated in part *Maddux*'s holding, to the extent that it governed Fed. R. Crim. P. 32.2(b)(2)(B). The Court in *McIntosh* held that Rule 32.2(b)(2)(B) is a time-related directive, not a mandatory-claims processing rule. 601 U.S. at 338. *McIntosh* did not, however, abrogate this Court's holding that Rule 32.2(b)(4)(B) mandates that district courts impose forfeiture

19

orally at sentencing and incorporate forfeiture in the written judgment of sentence. *See Maddux*, 37 F.4th at 1180 (noting that under Rule 32.2(b)(4)(B) a district court must "at least" order forfeiture during sentencing).

For starters, *McIntosh* expressly reserved decision as to Rule 32.2(b)(4)(B), emphasizing that the case did not "implicate Rule 32.2(b)(4)(B)'s requirement that forfeiture be imposed at sentencing." 601 U.S. at 321 n.5. And in the same footnote, the Court highlighted reasons to doubt that (b)(2)(B) and (b)(4)(B) are of the same ilk. In particular, the Court noted a court of appeals decision reasoning that (b)(2)(B) provides a time-related directive, yet (b)(4)(B) provides a claim-processing rule, *id.* (citing *United States* v. *Lee*, 77 F.4th 565, 582-583 (7th Cir. 2023)); further, the Court noted the government's acknowledgment that (b)(4)(B) presents a "harder" question, *id.*

b.    Even taking *McIntosh*'s legal reasoning on its own terms, those three considerations do not "mandate[] modification" of this Court's conclusion that Rule 32.2(b)(4)(B) is a mandatory-claims processing rule. *See RLR Investments, LLC* v. *City of Pigeon Forge*, 4 F.4th 380, 390 (6th Cir. 2021) (internal quotation marks and citation omitted).

*First*, the language of Rule 32.2(b)(4)(B) does not "contemplate[] flexibility" as to timing. *See McIntosh*, 601 U.S. at 340. While both (b)(2)(B) and (b)(4)(B) employ the term "must," only (b)(2)(B) qualifies that instruction by

affirmatively excusing the requirement if compliance is "impractical." The absence of qualifying language in (b)(4)(B) means that "must" takes its usual meaning, and "creat[es] an obligation impervious to . . . discretion." *See Gibson* v. *Forest Hills Local School District Board of Education*, 655 Fed. Appx. 423, 435 (6th Cir. 2016) (internal quotation marks and citation omitted).

*Second*, Rule 32.2(b)(4)(B) specifies a clearer consequence for non-compliance than (b)(2)(B). *See McIntosh*, 601 U.S. at 341. Rule 32.2(b)(4)(B) is followed immediately by (b)(4)(C), which provides that if the judgment fails to include forfeiture, the government must appeal "from the court's failure to enter [that] order." Fed. R. Crim. P. 32.2(b)(4)(C). That provides a substantially clearer consequential link from (b)(4)(B), as compared to (b)(2)(B), which is found in a separate subsection from (b)(4)(C).

*Third*, it is true that Rule 32.2(b)(4)(B) is directed at the court, not the parties—a characteristic that the Supreme Court has said can indicate a non-mandatory, time-related directive. *See McIntosh*, 601 U.S. at 341-342. But unlike (b)(2)(B), whose neighboring provisions also addressed the court, (b)(4)(B) is followed closely by (b)(4)(C), which is directed to the parties. And in any event, this Court need not conclude that all three *McIntosh* considerations point in the same direction to identify a mandatory claim-processing rule. Indeed, *McIntosh* described the three considerations it emphasized as mere helpful "guide[s]" for determining the nature of a particular timing provision.

21

Case: 25-5556    Document: 20    Filed: 11/17/2025    Page: 28

*Id.* at 340. That is far from suggesting that any factor, let alone the third, carries the day.

And for good reason. The Supreme Court has consistently embraced a holistic approach in determining whether a time limit is mandatory, including by looking to the "language, the context, and the purposes" of the rule. *See Dolan*, 560 U.S. at 611. Here, Rule 32.2(b)(4)(B)'s purpose is not to seek "speed," the quintessential purpose of typical time-related directives. *See McIntosh*, 601 U.S. at 338. It is to ensure that when the district court imposes criminal forfeiture, it adheres to the same finality principles that protect any other aspect of a defendant's punishment. It would thus be "anomal[ous]" and unjust for this Court to read Rule 32.2(b)(4)(B)'s clear mandate as instead a mere suggestion for speed, effectively carving out criminal forfeiture from the ordinary finality protections we afford criminal sentences. *See Maddux*, 37 F.4th at 1178.

c.    And any lingering doubt about the mandatory nature of Rule 32.2(b)(4)(B) can be resolved by construing the rule to avoid the serious constitutional concerns, discussed at pp. 27-30, *infra*, that would arise from allowing district courts to impose forfeiture without orally announcing it in the defendant's presence. *See Elhady* v. *Unidentified CBP Agents*, 18 F.4th 880, 885 (6th Cir. 2021) ("[T]he constitutional-avoidance doctrine directs federal courts

to sidestep constitutional questions whenever there is some other ground upon which to dispose of the case.") (internal quotation marks and citation omitted).

In sum, as this Court concluded in *Maddux*, and other circuits have reiterated, Rule 32.2(b)(4) "has the character of a claims-processing rule." *See Lee*, 77 F.4th at 583. The reasoning of *McIntosh* does not "mandate" overturning *Maddux* as to (b)(4)(B), *see RLR Investments*, 4 F.4th at 390; this Court's reasoning remains salient and persuasive as to that provision. This Court should thus conclude that *Maddux*'s holding as to Rule 32.2(b)(4) remains binding on this Court.

### C. No Rule Or Statute Authorized The District Court To Amend The Judgment To Add Forfeiture In The Circumstances Here

Applying those principles, the district court erred in concluding it was authorized to enter a second amended judgment, for the purpose of imposing forfeiture, nearly six months after Mr. Harrell's sentencing. At varying points the government advocated, and the court invoked, Rule 32.2(b)(4), Rule 35, and Rule 36. None authorizes the district court's course of action.

1.  The district court failed to follow Rule 32.2(b)(4)'s notice-based procedures for ordering forfeiture. The district court did not issue an order of forfeiture during sentencing. Nor did the district court otherwise make Mr. Harrell aware—"in the same way [he] would otherwise know had [his] money judgment[] been orally announced" at sentencing—that forfeiture would be imposed. *See Maddux*, 37 F.4th at 1180 (citing Fed. R. Crim. P. 32.2(b)(4)(B)).

A deferral of forfeiture does not constitute a general order of forfeiture satisfying Rule 32.2(b)(2)(C).  *Contra, e.g.*, Reply, R. 109 at Page ID # 2480. A general order of forfeiture directs that forfeiture be imposed, while leaving the specific amount or property to be determined later.  Here, the district court left open at sentencing not just the amount of the money judgment but also whether forfeiture would be entered at all.  Thus, just as in *Maddux*, the district court failed to order forfeiture, either generally or specifically, by the time of sentencing.  *See* 37 F.4th at 1180.  And just as in *Maddux*, addressing the concept of forfeiture, en route to deferring decision on the issue, does not "ensure that the defendant knows of the forfeiture at sentencing" within the meaning of Rule 32.2(b)(4)(B).  *See id.*

As a result, Mr. Harrell's sentence became final at sentencing under Rule 32.2, "both as to what it include[d] and what it lack[ed]."  *See Maddux*, 37 F.4th at 1180.  That is to say, Mr. Harrell's sentence, and its lack of forfeiture, became final under Rule 32.2 at sentencing.

2.    The district court was thus authorized to amend Mr. Harrell's final sentence or judgment only if Rule 35 or Rule 36 allowed it.  Neither did.  Rule 35 allows a court, within 14 days of the oral announcement of the sentence, to correct an error in a sentence resulting from "arithmetical, technical, or other clear error."  Even assuming that the omission of forfeiture can constitute "clear error," Rule 35 does not apply here.  The district court first took action

to add forfeiture to the judgment a month after announcing the sentence. *See* R. 79 at Page ID # 1094 (ordering amended judgment to reflect pending forfeiture determination). That was well outside Rule 35's 14-day window. *See* Fed. R. Crim. P. 35(a); *id.* 35(c).

Moreover, Rule 36 did not authorize the district court to order forfeiture because the court's original omission did not result from clerical error. Rule 36 permits a court—"at any time," and "after any notice it considers appropriate"—to "correct a clerical error" in a judgment or order. Fed. R. Crim. Pro. 36. This Court has emphasized that Rule 36 is narrow. It authorizes alterations to correct only true "clerical errors, not . . . mistakes or omissions by the court." *United States* v. *Robinson*, 368 F.3d 653, 656 (6th Cir. 2004). "[E]rrors made by the court itself," or even oversights, are "not within the purview of the rule." *Id.* (internal quotation marks and citation omitted). This Court has thus joined its sister circuits in concluding that courts may not use Rule 36 to amend judgments in order to effectuate sentencing intentions that went "unexpressed" at the time of sentencing. *Id.*; *see also United States* v. *Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004); *United States* v. *DeMartino*, 112 F.3d 75, 79 (2d Cir. 1997); *United States* v. *Daddino*, 5 F.3d 262, 264 (7th Cir. 1993); *United States* v. *Ruvalcava-Garza*, 750 Fed. Appx. 353, 357 (5th Cir. 2018). That is because, in such cases, the discrepancy results not from a "clerical, mechanical error of the sort a clerk might make" but from an intentional

decision by the sentencing judge. *United States* v. *Penson*, 526 F.3d 331, 335 (6th Cir. 2008).

3.    What is more, *Maddux* is on all fours here; it expressly forecloses the district court's conclusion that it had the authority to amend Mr. Harrell's judgment to include criminal forfeiture under Rule 36.  Just as in *Maddux*, the district court omitted forfeiture from its oral sentence intentionally, telling the parties that it would "deal with [forfeiture] subsequent to this hearing."  Sentencing Transcript, R. 88 at Page ID # 2403.  As a result, the amended judgment merely expanded Mr. Harrell's sentence to reflect an "unexpressed sentencing intention."  *See Robinson*, 368 F.3d at 656.  That failure to orally announce forfeiture cannot be cured by resort to Rule 36: "That was no clerical error, so Rule 36 does not apply."  *See Maddux*, 37 F.4th at 1181.

The district court thus acted without authority in amending Mr. Harrell's judgment of sentence to include criminal forfeiture long after his oral sentence was imposed.  The judgment became final after sentencing as to what it lacked, and any freestanding order purporting to impose criminal forfeiture is unenforceable and without legal effect.  *See Maddux*, 37 F.4th at 1181; *see also United States* v. *Bennett*, 423 F.3d 271, 276 (3d Cir. 2005) (concluding that a "freestanding" order of forfeiture itself has "no legal effect").  This Court

should thus vacate the amended judgment purporting to enforce criminal forfeiture. *Cf. Maddux*, 37 F.4th at 1182 (reversing orders granting money judgments).

## II. FORFEITURE MUST BE STRICKEN FROM THE JUDGMENT BECAUSE THE DISTRICT COURT DID NOT IMPOSE FORFEITURE WHEN SENTENCING MR. HARRELL

This Court reviews de novo challenges that are based on discrepancy between an oral sentence and a written judgment. *United States* v. *Booker*, 994 F.3d 591, 600 (2021). Even though this Court typically reviews claims not raised in the district court for plain error, it reviews such claims de novo if the defendant had no opportunity to object before the district court. *United States* v. *Carpenter*, 702 F.3d 882, 884 (2012); *see also* Fed. R. Crim. P. 51(b). "That principle applies when a defendant appeals a court's failure to pronounce a condition that later appears in the judgment." *United States* v. *Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc); *see Booker*, 994 F.3d at 600 (same).

### A. The Fifth Amendment and Rule 43(a) Require Courts To Sentence Defendants Orally, In Their Physical Presence

A criminal defendant has a right under the Due Process Clause of the Fifth Amendment to be present at any stage of a criminal proceeding "to the extent that a fair and just hearing would be thwarted by his absence." *Snyder* v. *Massachusetts*, 291 U.S. 97, 108 (1934). This Court has held that sentencing

27

is such a stage, *United States* v. *Hayden*, 102 F.4th 368, 371 (2024), as "a culminating moment of the criminal judicial process" that directly affects a defendant's most fundamental rights, *United States* v. *Garcia-Robles*, 640 F.3d 159, 165 (2011) (internal quotation marks and citation omitted). The Fifth Amendment right to be present at sentencing is reinforced by Federal Rule of Criminal Procedure 43, which affords defendants the opportunity to "be present at every stage of the trial including the imposition of sentence." *United States* v. *Behrens*, 375 U.S. 162, 165 (1963) (internal quotation marks and asterisks omitted).

To enforce the right to be present, a defendant has a corollary right to have his sentence orally announced. As a result, "the punishment announced from the bench in the defendant's presence *is* the sentence," and the judgment "is merely evidence of th[at] sentence." *United States* v. *Shaw*, 139 F.4th 548, 552 (6th Cir. 2025) (internal quotation marks and citations omitted). A written judgment may vary from the oral sentence if the variance merely clarifies an ambiguity in the oral sentence. *See id.* at 555 (affirming on appeal a written judgment that clarified an ambiguous oral sentence). To the extent the written judgment stands "[i]n direct conflict with the oral sentence," however, the "oral sentence controls." *See Penson*, 526 F.3d at 334 (internal quotation marks and citation omitted).

A court of appeals effectuates that rule by vacating or reversing, and remanding, so that the district court can conform the written judgment to the oral sentence—that is, for the district court to excise from the written judgment the sentencing provision that was not orally announced. *See Robinson*, 368 F.3d at 657; *see also United States* v. *Rosado*, 109 F.4th 120, 125-126 & n.5 (2d Cir. 2024), *United States* v. *Geddes*, 71 F.4th 1206, 1217 (10th Cir. 2023). *Cf. Penson*, 526 F.3d at 335-336 (remanding for resentencing when the oral sentence was unlawful and excision was impossible). That is because adding, to the written judgment, a sentencing provision "that the judge never mentioned when the defendant was in the courtroom is tantamount to sentencing the defendant *in absentia*," *see Diggles*, 957 F.3d at 557 (internal quotation marks and citation omitted), in violation of Rule 43(a) and the Fifth Amendment.

The foregoing principles likewise govern a sentencing provision imposing criminal forfeiture. That is, criminal forfeiture is "part of the defendant's sentence in a criminal case," *Maddux*, 37 F.4th at 1174 (cleaned up), and therefore a criminal forfeiture provision must be orally announced like any other component of the sentence, *see United States* v. *Petix*, 767 Fed. Appx. 119, 121 (2d Cir. 2019) ("We find that the district court erred by including in its final order of forfeiture a monetary forfeiture that it did not announce at sentencing."). That requirement "is reflected, with slight modification, in the clear

wording of Rule 32.2(b)(4)(B)," *id.* at 121, which prevents violations of Rule 43(a) and the Fifth Amendment through its affirmative requirements, discussed at pp. 18-23, *supra*, for the proper imposition of criminal forfeiture.

### B. The Written Judgment Conflicts With The Oral Sentence And Cannot Be Upheld To The Extent That It Imposes Forfeiture

1. Here, instead of imposing criminal forfeiture at sentencing, the district court first indicated, one month later, that forfeiture would be imposed; first ordered forfeiture two months later; and amended the judgment to reflect that order nearly six months later. As explained, pp. 18-23, *supra*, the court lacked authority to take that course of action. That course of action also was prohibited by the Constitution, as it added a substantive component to Mr. Harrell's sentence that was not orally announced in his physical presence. *See Rosado*, 109 F.4th at 124-125 (explaining that oral pronouncement is required for provisions that "impose new 'burdensome punishments or restrictions,' or where there is 'a substantive discrepancy between the spoken and written versions of' the sentence") (citations omitted).

On that score, this case is quite unlike *United States* v. *Ferrario-Pozzi*, 368 F.3d 5, 9 (1st Cir. 2004), on which the government relied below. In that case, the First Circuit declined to find that the district court violated the oral-pronouncement rule by deferring ordering forfeiture. *Id.* But that defendant conceded, at sentencing, forfeiture of at least $2 million—and the court de-

ferred deciding only the precise amount, not whether forfeiture would be imposed altogether. *Id.* So the First Circuit reasoned that forfeiture was plainly a part of the defendant's oral sentence, even if its finer details would be resolved after the hearing. Here, by contrast, it remained to be decided whether forfeiture would even be a part of Mr. Harrell's sentence when his oral sentence was announced.

2.    Under the circumstances, Mr. Harrell need not satisfy the requirements of plain-error review, *see Booker*, 994 F.3d at 600, such as by demonstrating an effect on his substantial rights. And to the extent the government is entitled to an opportunity to carry the burden of proving harmless error, it could not be discharged here for at least two reasons.

*First*, the error deprived Mr. Harrell of the opportunity to have his sentence considered and imposed holistically, as a package—which may well have influenced the district court's decision to impose imprisonment in this case. Congress requires sentencing courts to consider "the kinds of sentences available" in fashioning their sentences. *See* 18 U.S.C. § 3553(a)(3). Here, the district court had substantial discretion in deciding what kind of sentence to impose, as Mr. Harrell's conviction carried no mandatory minimum term of imprisonment. *See* Presentence Report, R. 76 at Page ID # 1056. Probation recommended no imprisonment, no supervised release, and five years of probation, *see* Sentencing Recommendation, R. 75 at Page ID ## 1053-1054; in

31

contrast, the government advocated 18 months' imprisonment and three years of supervised release, *see* Sentencing Memorandum, R. 57 at Page ID # 229. In the end, the district court chose to sentence Mr. Harrell to six months of imprisonment, noting on the record only that restitution—but not forfeiture— factored into its sentencing calculus. Sentencing Transcript, R. 88 at Page ID # 2398. Because the district court failed to acknowledge forfeiture in announcing Mr. Harrell's sentence, "there is no way to know" whether the district court would have fashioned a less severe sentence of imprisonment had it imposed forfeiture at sentencing. *See Williams*, 641 F.3d at 765.

*Second*, the district court's error deprived Mr. Harrell of "an essential component of the sentencing process"—a harm in and of itself. *See Rosado*, 109 F.4th at 126. Underscoring the importance of oral sentencing, this Court has stressed that the requirement is "far from a formality" but rather reflects a "fundamental procedural guarantee" that is integral to the fairness of the proceeding. *See Garcia-Robles*, 640 F.3d at 164 (internal quotation marks and citations omitted). Here, the district court "left not only the amount of the money judgments, but also *whether* they would be entered, up in the air." *Maddux*, 37 F.4th at 1180. That deprived Mr. Harrell of the opportunity to "know what punishments and restrictions he w[ould] be subjected to," and therefore the opportunity "to object, to propose changes, [and] to seek clarification." *See Rosado*, 109 F.4th at 126.

When an oral sentence conflicts with a written judgment, as here, the judgment is a "nullity" and must be vacated, *see Shaw*, 139 F.4th at 552 (internal quotation marks and citation omitted), unless it "validly modified the oral sentence" as permitted by a rule or statute, *see Penson*, 526 F.3d at 334. But for the reasons described above, pp. 24-26, the district court lacked such authority under Rule 35 or Rule 36. Therefore, the judgment must be "amended to reflect the oral sentence." *See United States* v. *Bowen*, 938 F.3d 790, 801 (6th Cir. 2019); *see also Petix*, 767 Fed. Appx. at 123 (vacating and remanding for the "entry of a corrected judgment that removes monetary forfeiture altogether from Petix's sentence").

## CONCLUSION

The district court lacked the authority to amend Mr. Harrell's judgment of sentence to include criminal forfeiture. Further, that written judgment imposes forfeiture, in conflict with the oral sentence. This Court should thus vacate and remand for entry of a corrected judgment removing forfeiture.

Respectfully submitted,

/s/ Abigail Frisch Vice
ABIGAIL FRISCH VICE
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *2001 K Street, N.W.*
  *Washington, DC 20006*
  *(202) 223-7300*
  *avice@paulweiss.com*

NOVEMBER 17, 2025

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I hereby certify, pursuant to Federal Rule of Appellate Procedure 32(g), that:

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and 6th Cir. R. 32 because it contains 7,661 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f); and

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 6th Cir. R. 32 and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point font.

s/ Abigail Frisch Vice
ABIGAIL FRISCH VICE

NOVEMBER 17, 2025

## CERTIFICATE OF SERVICE

I, Abigail Frisch Vice, counsel for appellant and a member of the Bar of this Court, certify that on November 17, 2025, a copy of the attached Brief of Appellant was filed with the Clerk and served on the parties through the Court's electronic filing system.  I further certify that all parties required to be served have been served.

s/ Abigail Frisch Vice
ABIGAIL FRISCH VICE

## DESIGNATION OF RELEVANT DISTRICT
## COURT DOCUMENTS

Appellant, pursuant to Sixth Circuit Rule 30(g)(1)(A), hereby designates the following filings in the district court's record as items relevant to the disposition of this appeal:

| Record Entry # | Description | Date | Page ID # |
|---|---|---|---|
| 1 | Indictment | 10/19/2023 | 12-13 |
| 49 | Verdict Form | 08/23/2024 | 203 |
| 55 | Motion for Forfeiture of Property | 11/13/2024 | 212 |
| 57 | Government's Sentencing Memorandum | 12/04/2024 | 229 |
| 62 | Response to Government's Motion for Forfeiture | 12/10/2024 | 1019 |
| 68 | Judgment | 12/17/2024 | 1031, 1035 |
| 71 | Notice of Appeal | 12/23/2024 | 1044 |
| 75 | Sentencing Recommendation | 12/27/2024 | 1053-1054 |
| 76 | Presentence Report | 12/27/2024 | 1063-1070 |
| 79 | Order Amending Judgment | 01/08/2025 | 1094 |
| 86 | Trial Transcript Day 4 | 01/20/2025 | 1911-1915 |
| 87 | Trial Transcript Day 5 | 01/20/2025 | 2078 |
| 88 | Sentencing Transcript | 01/20/2025 | 2399-2403 |
| 93 | Order of Forfeiture | 02/10/2025 | 2435 |
| 107 | Motion to Amend the Amended Judgment | 03/13/2025 | 2472 |
| 108 | Response in Opposition to Motion to Amend Amended Judgment | 03/17/2025 | 2475-2477 |
| 109 | Reply to Response to Motion for Forfeiture | 03/24/2025 | 2480 |

| 115 | Order Amending the Amended Judgment | 05/28/2025 | 2506-2507 |
|---|---|---|---|
| 120 | Amended Judgment | 06/10/2025 | 2535 |
| 121 | Notice of Appeal | 06/10/2025 | 2537 |